## Marriam *et al. vs* Yeager.

ERROR TO THE JEFFERSON CIRCUIT.

*Detinue. Allegation and proof.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

IN *detinue* the *gist* of the action is a wrongful detention. Such detention, and property or right of possession in the plaintiff, may entitle him to recover. The mode of acquiring the possession by the defendant is not material to the form of the action. A count averring a finding will not be defeated by proof of tort, or of bailment, if, notwithstanding the bailment, there shall have been an unlawful detention. And a count on a bailment will authorize a recovery upon proof of a right of action in the plaintiff, and a wrongful detention by the defendant, even though it shall appear that there had been no bailment. The suit is for the detention without regard to the manner of acquiring the possession.

And if, in such an action or any other, the Court, after overruling a motion for a non-suit, shall, in the exercise of a sound discretion, refuse to suspend the trial until the defendant's counsel shall embody all the evidence in a

*Margin notes:*

MARRIAM *et al.* vs YEAGER.

DETINUE.

Case 112.

*May 10.*

A count in trover will be sustained by proof of a bailment, if an unlawful detention be shown; and a count on a bailment will authorize a recovery if it shall appear there has been a wrongful detention, tho' no bailment, in fact, be proved; the manner of acquiring the possession by defendant is unimportant.

The Court on overruling a motion for a non-suit, is not bound to suspend the farther progress

of the trial to give the defendant time to take down the evidence in a bill of exceptions, and have it signed, provided the right to do so is reserved in reasonable time before the witnesses depart.

formal bill of exceptions, and have the bill signed and sealed, such refusal would furnish no available cause for reversing the judgment, provided, as in this case, the right to file an exception in convenient time, and whilst all the material witnesses should remain in Court, had been reserved to the defendant; neither such refusal in this case, therefore, nor the fact that the form of the count was on a general bailment, is a sufficient ground for reversing the judgment for the plaintiff, upon the proof that the horse sued for was his, and had been wrongfully detained from him by the defendants, who had found it.

And consequently, these being the only errors assigned, the judgment must be affirmed.

*Duncan* for plaintiffs; *Loughborough and Grigsby* for defendant.